# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROLAND BANKS,

    Plaintiff,

v.

PROGRESSIVE NORTHERN
INSURANCE COMPANY,

    Defendant.

Case No. 2:12-CV-00861-KJD-VCF

**ORDER**

    Before the Court is Defendant Progressive Casualty Insurance Company, Progressive Direct Insurance Company, and Progressive Northern Insurance Company's (collectively, "Defendant") Motion for Summary Judgment (#19). Plaintiff Roland Banks has filed an opposition and Countermotion (#22, #23). Defendant has filed a reply (#24) and a response (#25) and Plaintiff has filed a reply (#26).

I.  Background

    In April, 2010 Plaintiff obtained a policy of insurance from Defendant. There is no dispute that all relevant insurance forms were approved by the Commissioner of Insurance. Plaintiff

renewed this policy and it was in effect when Plaintiff was allegedly injured in a car accident on January 20, 2012. Plaintiff's attorney wrote to Defendant and requested verification of underinsured and uninsured motorist ("UM/UIM") coverage and also medpay coverage. Defendant responded by stating that it had offered Plaintiff medpay coverage, but that Plaintiff had not purchased it. Plaintiff filed a class action lawsuit in Clark County District Court, alleging that Defendant is required to obtain a written waiver of medpay coverage purusant to N.R.S. 687B.145(3). Defendant removed the complaint to this Court.

II. Discussion

    A. Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

    B. Waiver Requirement of NRS 687B.145(3)

"Where the language of a statute is plain and unambiguous, and its meaning is clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." See, e.g., White v. Cont'l Ins. Co., 119 Nev. 114, 65 P.3d 1090, 1091 (Nev. 2003); Nev. State Democratic Party v. Nev. Republican Party, 256 P.3d 1, 5 (Nev. 2011). "It is well settled in Nevada that words in a statute should be given their plain meaning unless this violates the spirit of the act." White, 65 P.3d at 1091-92.

//
//

1  //

2  //

3  NRS 687B.145(3) provides:

4  An insurance company transacting motor vehicle insurance in this State must offer an insured under a policy covering the use of a passenger car, the option of purchasing coverage in an amount of at least $1,000 for the payment of reasonable and necessary medical expenses resulting from an accident. The offer must be made on a form approved by the Commissioner. The insurer is not required to reoffer the coverage to the insured in any replacement, reinstatement, substitute or amended policy, but the insured may purchase the coverage by requesting it in writing from the insurer. Each renewal must include a copy of the form offering such coverage.

9  Nevada law also requires insurers to offer and provide UM/UIM coverage unless there is a written waiver of UM/UIM coverage. Continental Ins. Co. v. Murphy, 120 Nev. 506, 507, 96 P.3d 747, 748 (Nev. 2004).  In Murphy, the court held that is requirement arises from both the "must offer" requirement in N.R.S. 687B.145(2) and the prohibition on issuing an auto policy lacking UM/UIM coverage, unless coverage is waived in writing, codified in NRS 690B.020(1).

Plaintiff argues that NRS 687B.145(3) requires a written waiver of medpay coverage because it is "cut from the same cloth" as the UM/UIM coverage requirements because they are both "must offer" coverages.  To support this argument, Plaintiff cites the initial proposed language of AB 405, which became NRS 687B.145(3).  The proposed language, unlike the final version, contained a requirement that medpay coverage be waived in writing.  Plaintiff argues that nothing in the legislative minutes "remotely suggests that the Nevada Legislature wanted to do away with the written rejection requirement."

Plaintiff's argument fails for the obvious reason that the change in the statutory language itself demonstrates the Nevada Legislature's intent to do away with the written waiver requirement for medpay.  Further, Plaintiff asserts that written waiver for medpay should be read into the unambiguous statue from which it was removed because the legislature made a similar change in the language of AB 404, which became the UM/UIM "must offer" requirement of NRS 687B.145(2).  In making this argument, Plaintiff obtusely ignores NRS 690B.020(1). UM/UIM coverage must be

3

waived in writing because the legislature has expressly stated that it must be waived in writing, not because it is "must offer" coverage.

Plaintiff also argues that "a few of the largest insurers in Nevada interpret NRS 687B.145(3) to require a Nevada insurer" to obtain a written waiver to write a policy without medpay benefits.[1] Even if the evidence put forth by Plaintiff was admissible, and even if it supported Plaintiff's argument, it is something beyond axiomatic that a Court is not bound by the legal conclusions of insurance companies. Plaintiff's argument that Defendant required insured to sign medpay waivers prior to 2001 is similarly unavailing. Accordingly, summary judgment is granted in favor of Defendant.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion for Summary Judgment (#23) is **DENIED**.

DATED this 20th day of December 2012.

_____
Kent J. Dawson
United States District Judge

---

[1] The Nevada Commissioner of Insurance has stated "[i]t is strongly suggested that any rejection of medical payments coverage be signed by the named insured." Bulletin No. 04-002 April 14, 2004.